## 8821

### DRIGGS *ET AL.* v. SOUTHERN RY. CO.

### DRIGGS v. SAME.

#### (81 S. E. 431.)

CARRIERS. TRANSPORTATION OF PASSENGERS. SALE OF MILEAGE. MISREPRESENTATIONS. CARRIER'S LIABILITY.

Where a carrier's ticket agent sold certain mileage books to plaintiffs, and assured them that they might use the same to pursue a certain route to destination, which assurance was untrue, and the carrier thereafter refused the mileage coupons in payment for tickets for a portion of the route, it was liable to the purchasers for the damages sustained, though by a careful examination of the book and tariffs they might have ascertained that the representation was untrue.

Before CHARLES CARROLL SIMMS, special Judge, Bamberg, November, 1913. Affirmed.

Actions by Fannie G. Driggs and another and by Hubert Driggs, by his guardian *ad litem,* against the Southern Rail-

way Company—Carolina Division. Judgment for plaintiffs, and defendant appeals.

*Messrs. B. L. Abney* and *Harley & Best,* for appellant, cite: *Lawful tariffs govern irrespective of contract:* 202 U. S. 242; 158 U. S. 98; 204 U. S. 426; 119 Ala. 537; 107 N. W. 56; 28 S. E. 601; 39 L. R. A. 275; 40 S. W. 899; 85 N. W. 1001; 43 S. W. 609; 21 S. W. 290; 37 So. 134; 45 So. 983; 94 Pac. 951; 95 Pac. 71; 46 So. 1014; 63 S. E. 528; 115 N. Y. Supp. 838; 127 N. W. 543; 94 N. E. 900; 114 Pac. 469; 133 S. W. 1129; 116 Pac. 93; 63 So. 882; 5 I. C. C. Reports 241; 99 Va. 394. *Carrier not estopped to deny invalid contract:* 127 N. W. 543; 94 N. E. 906. *No action lies in tort for the misrepresentation or negligence of agent in making a misquotation of a tariff:* 202 U. S. 242; 83 S. W. 800; 113 Pac. 433; 94 N. E. 906; Merwin Equity, sec. 505; Cooley on Torts 247; 91 U. S. 45; 33 Ill. 243. *Mistake of law:* 12 Pet. 32; 1 Pet. 1; 8 Wheat. 174; 25 Vt. 603; 3 N. Y. 19; 21 Pac. 534; 41 Ala. 50; 37 Ala. 77; 35 S. W. 643; 223 U. S. 599; *Ib.* 155; 33 Supp. Ct. 397; 226 U. S. 441; 212 U. S. 504.

*Messrs. Mayfield & Free* and *R. C. Hardwick,* for respondent, cite: 88 S. C. 424; 69 S. C. 327; 88 S. C. 7; 87 S. C. 184.

April 23, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Two cases for tort arising out of the same transaction and tried together, and a verdict in both for the plaintiff.

The plaintiffs bought two mileage books, form Z, at Denmark, one of the Southern and one of the Seaboard, intending to travel thereon from Denmark to Augusta over the Southern Railway; thence to Atlanta over the Georgia Railroad; thence to Chattanooga over the Southern Rail-

way.    From Chattanooga, they purposed to go by a short
line to Durham on Lookout Mountain.    They claim that
at Denmark they asked the ticket vendor to tear mileage
from that point to Chattanooga over the aforementioned
lines, and to issue therefor a ticket.    They claim the agent
declined to do that, but tore the book to Augusta only, and
issued a ticket thereto, and that he then told the plaintiffs
that the agent at Augusta would tear the mileage and issue
tickets therefor over the aforementioned lines to Atlanta
and so on.  The plaintiffs claim they bought the books
upon that assurance by the ticket seller at Denmark, and
that assurance only.    At Augusta, all hands admit, the
ticket seller declined to tear mileage out the book, and issue
a ticket therefor from that point over the Georgia road
to Atlanta, and upon the ground that, by the terms of the
book and of the interstate passenger tariff No. 5167, the
holder of a mileage book, form Z, was not entitled to passage
thereon from Augusta to Atlanta.    The plaintiffs, on the
second day after their arrival in Augusta, had mileage torn
from their books, and took tickets in exchange from
Augusta over the Charleston & Western Carolina to Spar-
tanburg; thence over the Southern to Atlanta; thence over
the Southern to Chattanooga.    This route was some 140
miles further than that which the plaintiffs had planned to
travel, and altogether different.

The gravamen of the plaintiffs' case is that the ticket seller
at Denmark sold them books upon the representation that
they might pursue a particular route, which turned out to be
untrue, and to their hurt.

There is no testimony to show that the railroad agent at
Augusta violated his duty to plaintiffs.

There are five exceptions, of which one charges the admis-
sion of incompetent testimony, two charge the wrongful
refusal to direct a verdict for defendant, and three impute
errors in the charge.    But all the exceptions hinge on one
matter, and it is this:. The defendant insists (1) that the

ticket seller at Denmark did not make any false representation to the plaintiffs, and (2) if the ticket seller did make such false representation to the plaintiffs, yet the tickets and the passsenger tariffs relevant thereto fixed the right of the plaintiffs, and was the evidence in the plaintiffs' hands that they were not entitled to the privilege they demanded, to wit: An exchange ticket at Augusta from Augusta to Atlanta over the Georgia Railroad.

The first matter makes an issue of fact, and was for the jury; the second matter makes an issue of law, and was for the Court.

Nothing else appearing, it is true that a passenger cannot demand a privilege from the carrier contrary to the contract plainly expressed in the ticket or stipulated in the tariffs; and the authorities cited by appellants go only to that extent. But that is not the issue here; the issue here is whether or not the ticket seller may with impunity sell the passenger a mileage book, like the one here, and make to the passenger statements about the route allowed by the book contrary to the route expressed in the book, it may be.

If the expression in the book and tariffs of the route allowable by the book was reasonably plain, there might be some reason for the defendant's contention, though the contention would not then be tenable. But that is not so, and the matter is not even made plain by the defendant's witnesses. The book does provide, "not good locally between stations on Georgia R. R." The Georgia Railroad, running part from Augusta to Atlanta, is a connecting line of the Southern Railway and en route from Charleston via Denmark to Atlanta. Tes. Beach, p. 50, fol. 197. Nobody would presume a run from Augusta to Atlanta would be a "local" run, and prohibited by the words of the book. If the passenger had looked to the book, therefore, for guidance, he would not have found it, but would have been misled. But, had the book been less free from ambiguity, yet when the ticket agent sold them to the plaintiffs, and assured

the plaintiffs that they might pursue a certain route thereon, which turned out to be untrue, to the plaintiff's hurt, then the master of the ticket agent is liable in tort to the bookholder who suffers thereby.

The argument in the recent case of *Smith* v. *Railroad,* 88 S. C. 425, 70 S. E. 1057, 34 L. R. A. (N. S.) 708, is full to that point.

The exceptions are overruled, and the judgment is affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. ASSOCIATE JUSTICES WATTS and FRASER concur.

MR. ASSOCIATE JUSTICE HYDRICK, *dissenting.* The case of *Smith* v. *Railroad Co.,* 88 S. C. 425, 70 S. E. 1057, 34 L. R. A. (N. S.) 708, was relied upon in the Circuit Court and in this Court to sustain plaintiff's case. But it seems to have been overlooked that no question of interstate commerce was raised or decided in that case. If it had been alleged and proved in that case, as it was in this, that the mileage ticket in question was sold in accordance with the tariff filed with the interstate commerce commission, and published, as required by the act to regulate commerce, a very different phase would have been presented.

As I understand, it was conceded in the Court below that the ticket was not good over the Georgia Railroad— that is, from Augusta to Atlanta. The Circuit Judge so held and so charged the jury, and, therefore, it is the law of the case. But plaintiff's recovery is sustained on the ground of the misrepresentation of the defendant's agent at Denmark, who sold the ticket, and told plaintiff that it was good over that road, and could be used by her for passage from Augusta to Atlanta. Assuming that the misrepresentation was made, it was as to a matter of law, to wit, the tariff on file with the commission, and the rights of plaintiff thereunder, which the plaintiff was conclusively

presumed to know.   Therefore, no misrepresentation as to such matter, even if made wilfully, would give rise to a cause of action.   The Supreme Court of the United States, whose decisions upon the question are controlling, has expressly so held in numerous cases, some of which are cited in the opinion of this Court in *Aldrich* v. *Railroad Co.,* 95 S. C. 427, 79 S. E. 316.

I think, therefore, the judgment should be reversed, and the complaint dismissed.

NOTE: This case has been carried on writ of error to the United States Supreme Court.